First case this morning is Help at Home v. The Workers' Compensation Commission, 4090977. Counselor, please. Thank you. May it please the Court. Counsel, my name is Steve Pleszek and I represent the employer Help at Home. The issue on appeal is whether the Commission can make a finding on causal connection and at the same time allow the arbitrator to consider additional evidence on the issue of causal connection. Procedurally, a 19B hearing was had before the arbitrator on the issues of TTD, medical expenses, future medical, as well as causal connection regarding both the right shoulder and the back. As a 19B hearing is not a hearing on all issues, once the arbitrator decision is reviewed by the Commission and unless an appeal is taken to the Circuit Court, the case goes back to the arbitrator for further litigation on the remaining issues such as additional TTD, additional medical expenses, and PPD. This is evidenced by the language in the arbitration decision itself, which was mandated by the Thomas case. At the arbitration level, the arbitrator found in favor of Ms. Lackscheid on the issue of whether the condition of her right shoulder was causally connected to the accident. Help at Home, the employer took a review of the arbitrator's decision to the Commission. The Commission modified and otherwise adopted and affirmed the arbitrator's decision. The modification by the Commission was that the Commission, quote, finds at this point in time petitioners failed to prove that her condition of though being as it pertains to the right shoulder is causally connected to the accident on December 14, 2007. However, on remand, the arbitrator may consider additional evidence with respect to the causal connection of the right shoulder to the accident. Help at Home asserts that the Commission erred in giving the green light to the arbitrator to consider any additional evidence on the issue of causal connection based on the law of the case doctrine. The Commission set the law of the case and immediately violated it in the same decision. Lackscheid argues in her briefs that the Commission's decision was not final, so the law of the case was not established. However, at the time it was rendered, the Commission's decision was unreversed, and as such, the Commission was precluded from violating its own law of the case. The Commission had no statutory authority to make a finding on a disputed issue and then allow the arbitrator to consider additional evidence with respect to that same issue. Nothing further after finding that the right shoulder was not causally connected to the accident? It would have went back to the arbitrator regardless, but that second paragraph of the Commission's decision establishes the law of the case that the condition of the right shoulder was not causally connected to the accident. On appeal, did the claimant ever seek a judicial review of the Commission's determination? To the Circuit Court? Yes, that was raised in the briefs and in an argument before the Circuit Court. Therefore, because the Commission did not have statutory authority to do what it did, pursuant to the Alvarado case, the Commission's decision must be reversed. If there are no questions, thank you. Thank you, Counsel. Counsel, please. May it please the Court. My name is Matthew Clark, and I represent the Defendant Appellee Patti Lackscheid in the Illinois Workers' Compensation Commission. We ask that you affirm the Circuit Court decision upholding the Commission power to reverse and remand an issue for further fact-finding. Our opponent would have you believe that we're trying to get two bites at the same apple. Our contention is that the Commission has not even finished digesting the first point. Instead, it has remanded the issue for further fact-gathering. How do you get around the law of the case, Doctor? It's not a final. The law of the case requires a final. Wait a minute. If I take your argument to its logical conclusion, then no 19B here remains final. Assume that an arbitrator finds that there is a causal connection, and the Commission affirms it. Under your theory, when it goes back to the arbitrator, the respondent could introduce additional evidence that it wasn't causally connected. That doesn't make sense. But in this case, the Commission specifically requests the arbitrator here... I don't care what the Commission requested. The Commission found that she failed to prove causal connection. That's the end of it. Why would you be able to go back and do it again? Under what theory? What case would support that notion? I mean, you've got to look at it from the opposite direction, too. Either their finding on causal connection is final, unless appealed in reverse, or it isn't. And if it isn't final, then we've got no business hearing any appeals on any 19B. I would contend that this isn't a final appealable order. This is a remand order. In that sense, we may be jumping the gun as it is. Did you file a motion today? In some sense, the appellant wanted the Commission money. The shoulder accident causation relationship is put in due course. Does the Commission have the power to cause the arbitrator to... Does the Commission have the power to remand an order for further fact gathering? The Commission is a fact-finding body, and it can remand an order for further fact-finding. But that isn't what... They already made a decision, though, on the causal connection. They did not find a positive connection. They said the claimant failed to prove it. Failed to prove it. Correct. We would suggest that that's not a positive finding. That's asking for further evidence to be gathered and further facts to be discovered. Does the case ever finish under that theory? When there's a final... What I would suggest... What should have happened is... This should have gone back to the arbitrator. The arbitrator has a decision, and then it goes to the Commission. The Commission makes a final determination, and then it determines whether an appeal comes out of that to this body, and then it would be final. So you're saying the Commission didn't have a final order, then? Right. I'm saying that the Commission is open. Because they found the claimant failed to prove. They found they failed to prove, but they asked for further evidence to be determined by the arbitrator. Did you bring that to their attention? Did I bring it to the opposing's attention? The Commission's attention. I wasn't involved at that time. I don't know what the... exactly what the... What it appears is that the appellant is arguing that in a 19B hearing, all the issues regarding the case need to be proven, and the Commission does not have the authority to revisit any of these issues. We find no authority for this position. So we ask the Court to affirm the Circuit Court decision upholding the Commission's power to reverse and remand an issue for further fact-checking. Thank you, Counsel. The Court will take the matter under advisory for this position.